### ALBERTO ORTEGA *v.* KAREN BHOLA
(AC 25337)

Dranginis, Bishop and McLachlan, Js.

Submitted on briefs January 12—officially released April 12, 2005

*Alberto Ortega*, pro se, the appellant (plaintiff), filed a brief.

*Opinion*

PER CURIAM. The pro se plaintiff, Alberto Ortega, appeals from the trial court's judgment denying his application for visitation with his child, who is in the

custody of her mother, the nonappearing defendant, Karen Bhola.[1] On appeal, the plaintiff claims that the court abused its discretion in concluding that visitation was not in the best interest of the child. We affirm the judgment of the trial court.

The plaintiff currently is incarcerated and has been sentenced to remain incarcerated until 2011. He has been in prison for most of the child's life, since she was two years old. As of the time of the hearing on his application on January 28, 2004, the plaintiff had not seen the then nine year old child in three years and had been incarcerated for fourteen months. Before the plaintiff's mother died, she occasionally took the child to visit the plaintiff in prison, but the defendant refused to continue that practice. The defendant opposed having the child visit the plaintiff in prison, but did not oppose the plaintiff's continuing to write to the child. The court denied the plaintiff's application, citing the amount of time the plaintiff had been out of the child's life. The plaintiff claims the court abused its discretion.

The guiding principle in determining whether visitation is proper is the best interest of the child. "In making or modifying any order with respect to custody or visitation, the court shall . . . be guided by the best interests of the child . . . . The best interests of the child include the child's interests in sustained growth, development, well-being, and continuity and stability of its environment. . . . The trial court is vested with broad discretion in determining what is in the child's best interests." (Citation omitted; internal quotation marks omitted.) *Schult* v. *Schult*, 241 Conn. 767, 777, 699 A.2d 134 (1997).

In light of the record and the facts recited, the court did not abuse its discretion in finding that it was not

---

[1] The defendant was present at the hearing on the plaintiff's application, but did not enter an appearance and has not participated in this appeal.

in the child's best interest to grant the plaintiff's application for visitation. The court reasonably concluded that the plaintiff has been out of the child's life for such a significant amount of time that visitation with him, which would have to take place in prison, would not benefit the child.

The judgment is affirmed.